# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

_____

November 5, 2019

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                              **Re:**    *Melchor Gomez v. Wei Ling Chinese Restaurant LLC, et al.*
                                              Case No. 18-cv-4308 (VSB)

Your Honor:

       This office represents Plaintiff in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendant Wei Ling Chinese Restaurant LLC (d/b/a Taste Good), Wei Jun Wu, and Diana Wu ("Settling Defendants") (together with Plaintiffs, the "Settling Parties").

       The Settling Parties have agreed to a negotiated Settlement Agreement concerning any and all federal or state wage-and-hour claims (the "Agreement") after extensive discussions. The Settling Parties have concluded that the Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreement is attached hereto as **Exhibit A.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreement as fair and reasonable, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismissing all of Plaintiff's wage-and-hour claims with prejudice.

**Background**

       Plaintiff Dionicio Melchor Gomez ("Plaintiff Gomez") alleges that he was employed as a delivery worker at Defendants' restaurant, "Wei Ling Chinese Restaurant LLC (d/b/a Taste Good)," located at 18 W. 25th St, New York, NY 10010. However, Plaintiff was required to spend a considerable part of his work day performing non-tipped duties, such cleaning, sweeping, mopping, preparing food, cutting vegetables, helping to take orders and tending to clients, taking out trash, taking cans from other restaurants' trash for the owner's recycle, bringing food and other items from and to the basement, cleaning the basement, stocking, tying up cardboard boxes, cleaning the bathroom and washing containers and cooking pots ("non-tipped duties"). Plaintiff alleges that he worked significant overtime during the course of his employment, but was paid a fixed weekly salary that did not account for overtime hours worked, and was less than the minimum wage rate of pay, thus resulting in significant unpaid minimum and overtime wages owed to Plaintiff. Further, Plaintiff alleges that Defendants are not entitled to the tip credit

minimum wage, as Plaintiff alleges that he spent over 20% of the hours of his workday performing non-tipped duties. *See* 12 N.Y.C.R.R. § 146-2.9(b). Finally, Plaintiff alleges that he did not receive spread of hours pay of one extra hour at the basic minimum wage rate for working shifts longer than ten (10) hours per day, that he did not receive proper notices and wage statements under New York Labor Law ("NYLL") § 195(1) and (3), and that he was unlawfully required to purchase "tools of the trade," including a bicycle, an electric bike, a helmet, a vest, a raincoat, impermeable pants and five sets of lights. Accordingly, Plaintiff brought this action to recover unpaid minimum and overtime wages, spread of hours pay, statutory damages under NYLL § 195, "tools of the trade" expenses, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq*., the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the Spread of Hours Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6.

Specifically, Plaintiff Gomez was employed by Defendants from approximately May 5, 2017 until on or about May 16, 2018. From approximately May 5, 2017 until on or about May 2018, Plaintiff Gomez alleges that he worked from approximately 11:00 a.m. until on or about 10:00 p.m., Sundays through Fridays, for a total of approximately 66 hours per week. From approximately May 5, 2017 until on or about July 2017, Plaintiff Gomez alleges Defendants paid him a fixed salary of $335 per week. From approximately August 2017 until on or about May 4, 2018, Plaintiff Gomez alleges Defendants paid him a fixed salary of $395 per week. From approximately May 6, 2018 until on or about May 16, 2018, Plaintiff Gomez alleges Defendants paid him a fixed salary of $400 per week.

Settling Defendants deny Plaintiff's allegations including, but not limited to, whether Plaintiff actually worked the foregoing hours as alleged. Further, Settling Defendants continue to assert that Settling Defendants paid Plaintiff all monies due and owing.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**<u>Settlement</u>**

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* <u>Crabtree v. Volkert, Inc.</u>, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." <u>Wolinsky v. Scholastic Inc.</u>,

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)); *see also* Beckert v. Rubinov, 2015 U.S. Dist. LEXIS 167052 at *3-4 (S.D.N.Y. 2015).

The Settling Parties have agreed to resolve these FLSA wage-and-hour claims for the total sum of $40,000.00, which will be paid as outlined in **Exhibit A**, with Plaintiff Gomez receiving $26,666.67 and Plaintiff's counsel receiving $13,333.33 as attorneys' fees and costs. While Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $84,752.78, including liquidated damages, the settlement amounts to more than Plaintiff's estimated maximum back wages of $29,466.00.

The settlement will spare the parties the expense of finishing discovery, conducting depositions, including a 30(b)(6) deposition, engaging in motion practice and conducting a trial. Further, the settlement provides Plaintiff Gomez with an immediate recovery, as opposed to a delayed recovery or none at all.

As for the litigation risks faced by the parties, as there do not appear to be any records of Plaintiff's hours worked, Plaintiff will have to rely on his recollection and testimony to establish his hours worked. If a jury does not credit Plaintiff's testimony, it could sharply reduce the potential recovery on Plaintiff's claims.

The settlement here is fair to Plaintiff, as Plaintiff is recovering more than his estimated maximum backpay. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring the costs or encumbrance of lengthy litigation. Furthermore, the settlement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the wage-and-hour settlement, Plaintiff's counsel will receive $13,333.33 as attorneys' fees and costs. This represents a reduction in fees from what is identified in the Plaintiff's retainer agreements, which provides that forty percent of the Plaintiff's recovery will be retained by the firm, as well as costs.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. Jan. 28, 2010).; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Here, Plaintiffs' counsel's fee request is appropriate under these circumstances, as Plaintiff's counsel has billed $4,052.50, which results

in a lodestar multiplier of approximately 3.29.  *See* Pinzon v. Jony Food Corp., No. 18 Civ. 105, 2018 WL 2371737, at *9 (S.D.N.Y. May 24, 2018) (approving a fee resulting in a lodestar multiplier of 5.23, despite that it is "somewhat higher than normally awarded," because "[the] settlement has provided Plaintiff with a substantial and speedy result").

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are Plaintiffs' amended attorneys' time records.  A brief biography of each attorney who performed billed work in this matter is as follows:

> Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is billed at $450 per hour and indicated by the initials "MF."[1]

> Haleigh Amant was an associate at Michael Faillace & Associates, P.C.  Since graduating law school in 2017 from the George Washington University Law school, she practiced strictly employment law and represented employees in wage and hour disputes.  Her work is billed at $250 per hour and indicated by the initials "HA."

> Finn Dusenbery is an associate at Michael Faillace & Associates, P.C.  He graduated from Brooklyn Law School in 2012.  Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases.  Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C.  His work is billed at $275 per hour and indicated by the initials "FD."

The requested attorneys' fees in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees by agreeing to the settlement amount.  As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the wage-and-hour settlement amount based on the approval of his client.  Plaintiff's interests have thus been adequately safeguarded.

---

[1] The initials "PL" in the billing sheet refer to work done by paralegals at the firm.

Hon. Broderick
November 5, 2019
Page 5 of 5

In full consideration of the issues presented in <u>Cheeks</u>, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. The proposed Stipulation and Order of Final Dismissal with Prejudice will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved. With respect to the Jane Doe defendant and Defendant Xiu Ghou, Plaintiff intends to file a notice of voluntary dismissal.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Finn W. Dusenbery
Finn W. Dusenbery
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Muhammad Ikhlas (via ECF)

*Attorneys for Defendants Diana Wu,
Wei Jun Wu, and Wei Ling Chinese
Restaurant, LLC (d/b/a Taste Good)*

4842-9756-9176, v. 1